7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Michael STRICKLEN, Defendant-Appellant.
 No. 92-5240.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Stricklen appeals the district court's denial of his motion to suppress evidence obtained during a search of his vehicle. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 On April 1, 1992, Officer Dale Eberle of the Tulsa County Sheriff's Department was assigned to conduct surveillance of a 1986 Peterbilt truck in the vicinity of 161st and East Admiral in Tulsa, Oklahoma. The truck was parked in the lot of a Quik Trip convenience store. At about 6:00 p.m., Officer Eberle observed someone enter the passenger's side of the truck and then exit with an envelope stuffed full of something. He then observed another person enter and exit the Peterbilt truck. This second person then entered a smaller truck. The two trucks left the Quik Trip lot and went to a larger lot a block away. The driver of the smaller truck again entered the passenger's side of the Peterbilt truck. Officer Eberle observed the two drivers talking, looking down towards their laps, and looking around. The men parted company, and the two trucks began to leave the lot.
 
 
 4
 At this time, Officer Eberle pulled his vehicle up to the Peterbilt truck, identified himself, and asked the driver if he could talk to him. The driver agreed and identified himself as the appellant, Jerry Stricklen. Officer Eberle asked Stricklen if he had any weapons in the truck; Stricklen responded that he did, informing Officer Eberle the weapon's location and giving his permission to retrieve it. After removing the weapon from the truck, Officer Eberle asked Stricklen if he had any drugs in the truck. Appellant said "No, sir," and then gave Officer Eberle consent to search the truck. Officer Eberle recovered methamphetamine and drug paraphernalia from a shaving bag in the cab of the truck. At this point, Stricklen signed a search waiver and was placed under arrest.
 
 
 5
 A three count indictment charged Stricklen with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 1), distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 2), and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count 3). A jury originally convicted Stricklen on all counts. After the conviction, however, the district court granted the government's motion to dismiss the Count 2 conviction for insufficiency of evidence. On its own motion, the court granted Stricklen a new trial on Count 3. Stricklen was acquitted on retrial of Count 3. On appeal, Stricklen contends that the district court should have suppressed the drugs seized by Officer Eberle because he lacked reasonable suspicion to detain Stricklen and because Stricklen's consent to the search was involuntary.
 
 
 6
 We first address our jurisdiction. Stricklen filed notice of intent to appeal on December 14, 1992. Count 3 was not finally adjudicated until Stricklen's acquittal on March 25, 1993. On March 29, 1993 and April 2, 1993, however, Stricklen filed with this court a memorandum brief and supplement in response to this court's previous jurisdictional show cause order. We construe these documents filed within ten days of final judgment as supplying the timely notice of appeal required by Fed.R.App.P. 3. See Smith v. Barry, --- U.S. ----, 112 S.Ct. 678, 682 (1992). We therefore have jurisdiction of this appeal and turn to the merits.
 
 
 7
 We view the evidence in the light most favorable to the government. United States v. Ibarra, 955 F.2d 1405, 1409 (10th Cir.1992). The ultimate determination of the reasonableness of the search is a question of law which we review de novo. Id. Under the totality of the circumstances, we conclude that Officer Eberle clearly had reasonable suspicion to believe that criminal activity was afoot and therefore was justified in detaining Stricklen. See United States v. Sokolow, 490 U.S. 1, 8 (1989). The totality of the circumstances also supports the conclusion that Stricklen voluntarily consented to the search of his truck. See United States v. Mendenhall, 446 U.S. 544, 557 (1980); United States v. Evans, 937 F.2d 1534, 1537-38 (10th Cir.1991).
 
 
 8
 We find that the district court properly denied Stricklen's motion to suppress and AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3